# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LANCE REBERGER,

    Plaintiff,

vs.

ROBERT LEGRAND, et al.,

    Defendants.

Case No. 3:12-CV-00296-RCJ-(WGC)

**SCREENING ORDER**

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed <u>in forma pauperis</u> (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed the complaint, and plaintiff will need to show cause why this action should not be dismissed.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

    Plaintiff alleges that he is HIV-positive. Plaintiff also alleges that in April 2005, he was placed in disciplinary segregation for 60 days after being found guilty of prison disciplinary charges.

1 Then, plaintiff alleges that in July 2005 pursuant to Administrative Regulation ("AR") 610, which is
2 the policy for HIV-positive inmates, he was placed in administrative segregation, and he has not
3 been released from that confinement. According to plaintiff, the version of AR 610 effective on
4 August 25, 2003, requires a HIV-positive prisoner to be released from administrative segregation
5 after two years for his first offense. A newer version of AR 610 effective on August 25, 2005, has
6 no time limits but requires approval of the medical director and the offender management division
7 of the Nevada Department of Corrections for a HIV-positive inmate to be released from
8 administrative segregation. Plaintiff claims that AR 610 effectively punishes him twice for the
9 same conduct.

10 Because 42 U.S.C. § 1983 does not have its own statute of limitations, a court uses the
11 statute of limitations for personal injury actions of the State in which it is located. Wilson v. Garcia,
12 471 U.S. 261 (1985). In Nevada, the applicable statute of limitations is Nev. Rev. Stat.
13 § 11.190(4)(e), which has a period of limitations of two (2) years. Perez v. Seevers, 869 F.2d 425,
14 426 (9th Cir. 1989) (per curiam). "Federal law determines when a cause of action accrues and the
15 statute of limitations begins to run for a § 1983 claim. A federal claim accrues when the plaintiff
16 knows or has reason to know of the injury which is the basis of the action." Bagley v. CMC Real
17 Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotations omitted).

18 The action appears to be untimely. There are three possible dates on which plaintiff's cause
19 of action accrued. The earliest is in July 2005, when plaintiff was placed in administrative
20 segregation after his disciplinary sanction ended. Next is August 25, 2005, when AR 610 was
21 changed to eliminate the requirement that plaintiff be released from administrative segregation after
22 two years. The last is in July 2007, when plaintiff learned that he would not be released from
23 administrative segregation pursuant to the version of AR 610 in effect at the time of his placement
24 into administrative segregation. All three dates occurred more than two years before plaintiff
25 commenced this action on or around June 4, 2012. Plaintiff will need to show cause why the court
26 should not dismiss this action as untimely.

27 IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint.
28

1  IT IS FURTHER ORDERED that plaintiff shall have 30 days from the date of entry of this
2  order to show cause why this action should not be dismissed as untimely. Failure to comply with
3  this order will result in the dismissal of this action.
4  Dated: August 3, 2012.

_____
ROBERT C. JONES
Chief United States District Judge

-3-