# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LANCE REBERGER,

    Plaintiff,

vs.

ROBERT LEGRAND, et al.,

    Defendants.

Case No. 3:12-CV-00296-RCJ-(WGC)

**ORDER**

    The court noted that this civil rights action pursuant to 42 U.S.C. § 1983 appears to be untimely, and the court directed plaintiff to show cause why the action should not be dismissed. Order (#5). Plaintiff has responded with a motion for cause in response to screening order (#11). The court finds that plaintiff has not shown good cause for the untimeliness of this action, and the court dismisses the action.

    Plaintiff first argues, incorrectly, that the statute of limitations does not apply to a § 1983 action. What the court stated in its earlier order (#5) it now repeats: The two-year statute of limitations of Nev. Rev. Stat. § 11.190(4)(e) is applicable to § 1983 actions in Nevada. Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam).

    Plaintiff next argues, unpersuasively, that he does not know of the effective date of the relevant prison regulations. In the complaint, plaintiff claimed that he is a HIV-positive prisoner and that he was held in administrative segregation pursuant to Administrative Regulation ("AR") 610. The court informed plaintiff that three possible dates existed when his cause of action accrued and the limitations clock started to run. The first date was the effective date of the original version

1  of AR 610, which limited the time that a HIV-positive prisoner could spend in administrative
2  segregation.  The next date was the effective date of the version of AR 610 that affected plaintiff.
3  That version did not limit the time that a HIV-positive prisoner could spend in administrative
4  segregation, and it required approval of the medical director and the offender management division
5  of the Nevada Department of Corrections for a HIV-positive prisoner to be released from
6  administrative segregation.  The latest date was the date that plaintiff learned that, pursuant to the
7  current version of AR 610, he would not be released from administrative segregation.  This date had
8  nothing to do with the effective date of AR 610.  It is based only upon plaintiff learning all the facts
9  that he needed to know to prepare a complaint.  The latest date fell some time in July 2007, more
10 than two years before plaintiff commenced this action.  Plaintiff's motion (#11) does not address the
11 latest date.  The court concludes that the action is untimely and that plaintiff has not shown cause
12 for the untimeliness.
13     The above is a straight-forward application of the statute of limitation to this action.
14 Consequently, an appeal from this decision would not be taken in good faith.
15     Plaintiff's motions for extra $100.00 on NDOC prisons copy machine (#7, #9) are moot
16 because the court is dismissing the action.
17     IT IS THEREFORE ORDERED that plaintiff's applications to proceed in forma pauperis
18 (#1, #3) are **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However,
19 even though this action will be dismissed, the full filing fee must still be paid pursuant to 28 U.S.C.
20 § 1915(b)(2).
21     IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
22 Department of Corrections shall pay to the Clerk of the United States District Court, District of
23 Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #39494), in the
24 months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.
25 The clerk shall send a copy of this order to the finance division of the clerk's office.  The clerk shall
26 also send a copy of this order to the attention of the chief of inmate services for the Nevada
27 Department of Corrections, P.O. Box 7011, Carson City, NV 89702.
28

1  IT IS FURTHER ORDERED that plaintiff's motion for extension of time (#10) is
2  **GRANTED**.
3  IT IS FURTHER ORDERED that plaintiff's motions for extra $100.00 on NDOC prisons
4  copy machine (#7, #9) are **DENIED** as moot.
5  IT IS FURTHER ORDERED that plaintiff's motion for cause in response to screening order
6  (#11) is **DENIED**.
7  IT IS FURTHER ORDERED that this action is **DISMISSED** as untimely. The clerk of the
8  court shall enter judgment accordingly.
9  IT IS FURTHER ORDERED that an appeal from this decision would not be taken in good
10 faith.

Dated:   October 16, 2012.

_____
ROBERT C. JONES
Chief United States District Judge